UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

PROMOTE INNOVATION LLC  )
            )  Case No. 2:10-cv-120
     Plaintiff   )
            )  COMPLAINT FOR FALSE
   v.       )  PATENT MARKING
            )
BRISTOL-MYERS SQUIBB   )  <u>JURY TRIAL DEMANDED</u>
COMPANY       )
     Defendant.  )

Plaintiff PROMOTE INNOVATION LLC alleges as follows:

<u>NATURE OF THE CASE</u>

1.  This is an action for false patent marking under section 292 of the Patent Act (35 U.S.C. § 292).

<u>PARTIES</u>

2.  Plaintiff PROMOTE INNOVATION LLC is a Texas limited liability company with a principal place of business in Houston, Texas.

3.  Defendant BRISTOL-MYERS SQUIBB COMPANY is a Delaware corporation with a principal place of business in New York.

<u>JURISDICTION AND VENUE</u>

4.  The Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

5.  The Court has personal jurisdiction over defendant.  Defendant conducts business within the state of Texas.  Defendant offers for sale, sells, marks, and/or advertises the products that are the subject of this complaint in the United States, the state of Texas, and the Eastern District of Texas.

6.  Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1395(a).

<u>FACTS</u>

7.  Defendant has marked and/or continues to mark its Zerit products with U.S. Patent No. 4,978,655 after it expired.

8.  The term of U.S. Patent No. 4,978,655 was extended by 189 days.

9.      U.S. Patent No. 4,978,655 expired on June 24, 2008.

10.     Defendant received FDA approval for a revised package insert for Zerit products in July 2009, after U.S. Patent No. 4,978,655 expired.

11.     Defendant has decades of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits.

12.     Defendant knows that a patent that is expired does not cover any product.

<u>CLAIM</u>

13.     For the reasons stated in paragraphs 7 to 12 above, defendant has violated section 292 of the Patent Act by falsely marking its products with an intent to deceive the public.

<u>PRAYER FOR RELIEF</u>

Plaintiff thus requests that the Court, pursuant to 35 U.S.C. § 292 to do the following:

A.      Enter judgment against defendant and in favor of plaintiff for the violations alleged in this complaint;

B.      Order defendant to pay $500 per false marking offense, or an alternative amount a determined by the Court, one-half of which shall be paid to the United States;

C.      Grant plaintiff such other and further relief as the Court may deem just and equitable.

<u>JURY DEMAND</u>

Plaintiff demands a jury trial on all issues so triable.


Dated: April 4, 2010                    Respectfully submitted,

                                         _/s/  Zachariah S. Harrington
                                        Zachariah S. Harrington
                                        2802 Jarrard Street
                                        Houston, TX 77005
                                        (713) 370-7133
                                        zsharrington@yahoo.com
                                        Texas Bar No. 24057886
                                        Attorney for
                                        PROMOTE INNOVATION LLC